# In the United States Court of Federal Claims

No. 15-413C
Filed May 16, 2016
NOT FOR PUBLICATION

_____

)
EVIDEO OWNERS, et al.,                    )
                                          )
                    Plaintiffs,           )
                                          )          RCFC 59(a), Motion for
v.                                        )          Reconsideration; RCFC 60(b),
                                          )          Motion for Relief from Judgment.
THE UNITED STATES,                        )
                                          )
                    Defendant.            )
_____      )

        *Joseph J. Zito*, Attorney of Record, and *Patrick R. Delaney*, Ditthavong & Steiner, P.C., Alexandria, VA, for plaintiffs.

        *David A. Foley, Jr.*, Trial Attorney, *John Fargo*, Director, Intellectual Property Staff, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Heidi Bourgeois,* Of Counsel, *Joseph Matal,* Of Counsel, and *Nicolas Oettinger,* Of Counsel, United States Patent and Trademark Office, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.    INTRODUCTION AND BACKGROUND

        On April 28, 2016, plaintiffs filed a motion, pursuant to Rules 59(a) and 60 of the Rules of the United States Court of Federal Claims ("RCFC"), seeking relief from judgment and reconsideration of the Court's March 31, 2016 Memorandum Opinion and Order granting the government's motion to dismiss this matter for lack of subject-matter jurisdiction ("March 31, 2016 Decision").   In their motion, plaintiffs request that the Court reconsider the March 31, 2016 Decision because the Court possesses jurisdiction to entertain their breach of contract claims against the United States.[1]  Pl. Mot. at 1.  On May 16, 2016, the government filed a

_____

[1] In the March 31, 2016 Decision, the Court held that plaintiffs allege that they have entered into implied-in-law contracts with the United States in the complaint.  Because the Court does not possess subject-

response and opposition to plaintiffs' motion for relief from judgment, requesting that the Court deny plaintiffs' motion because plaintiffs fail to identify any basis upon which to grant relief from judgment.  For the reasons set forth below, the Court **DENIES** plaintiffs' motion.

## II.    LEGAL STANDARDS

In general, Rule 59 addresses the grounds for reconsideration and for a new trial. Specifically, RCFC 59(a) provides, in pertinent part, that:

> The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues−and to any party−as follows . . . upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1)(C).

Rule 60 sets forth the grounds for obtaining relief from a judgment or order.  In this regard, RCFC 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
>
> (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)     the judgment is void;
>
> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)     any other reason that justifies relief.

RCFC 60(b).  In addition, the United States Court of Appeals for the Federal Circuit has recognized subparagraph (b)(6) of Rule 60 to be a "grand reservoir of equitable power to do justice in a particular case," although not a "bottomless" one. *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1295 (Fed. Cir. 2013).  To that end, relief under RCFC

---

matter jurisdiction to consider claims based upon implied-in-law contracts under the Tucker Act, the Court also dismissed the complaint.

60(b)(6) may be granted "only for exceptional or extraordinary circumstances." *Louisville Bedding Co. v. Pillowtex Corp.*, 455 F.3d 1377, 1380 (Fed. Cir. 2006) (internal citations omitted); *see also Perry v. United States*, 558 F. App'x 1004, 1006 (Fed. Cir. 2014); *Kennedy v. Sec'y of Health & Human Servs.,* 99 Fed. Cl. 535, 548, *aff'd*, 485 F. App'x 435 (Fed. Cir. 2012) (a strict interpretation of the broad text of RCFC 60(b)(6) is necessary to preserve the "finality of judgments" and RCFC 60(b)(6) cannot serve as the grounds to relieve a party from a "free, calculated, and deliberate choice"). Such exceptional or extraordinary circumstances exist when, absent relief, a "grave miscarriage of justice" would result, and the "substantial rights" of the party would be harmed. *Kennedy*, 99 Fed. Cl. at 540, 548; *see also Dynacs Eng'g Co. v. United States*, 48 Fed. Cl. 240, 242 (2000).

## III.   LEGAL ANALYSIS

Plaintiffs have not established that they are entitled to reconsideration of the Court's March 31, 2016 Memorandum Opinion and Order under RCFC 59(a), or to relief from judgment under RCFC 60(b). And so, for the reasons discussed below, the Court denies plaintiffs' motion.

### A.  Plaintiffs Are Not Entitled To Relief Under RCFC 59

As an initial matter, plaintiffs have not established that they are entitled to reconsideration of the March 31, 2016 Decision pursuant to RCFC 59(a). As discussed above, to obtain relief under RCFC 59(a), plaintiffs must show that fraud, wrong, or an injustice has been done to the United States as a result of the Court's decision. Plaintiffs make no such showing here.

In their motion, plaintiffs argue that relief under RCFC 59(a) is warranted, because they have entered into implied-in-fact contracts with the United States. *See generally* Pl. Mot. Plaintiffs further argue that these contracts establish the Court's jurisdiction to entertain their breach of contact claims under the Tucker Act. *Id.* But, plaintiffs do not demonstrate, or even allege, in their motion for reconsideration that any fraud, wrong, or injustice has been done to the United States as a result of the Court's decision to dismiss their claim. *See* RCFC 59(a)(1)(C). Rather, plaintiffs restated the jurisdictional argument already raised in their opposition to the government's motion to dismiss. In addition, this Court has recognized that "[r]econsideration of a judgment is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so." *Ogunniyi v. United States*, 124 Fed. Cl. 668, 670 (2016).

Given this, plaintiffs have simply failed to demonstrate that they are entitled to any relief under RCFC 59.[2]  And so, the Court must deny plaintiffs' motion for reconsideration.  RCFC 59(a).

### B.  Plaintiffs Are Not Entitled To Relief From Judgment

Plaintiffs have similarly failed to show that they are entitled to relief from judgment pursuant to RCFC 60(b).  Plaintiffs do not specify the grounds upon which they seek relief from judgment under RCFC 60.  But, in general, the Court may grant such relief due to, a mistake; newly discovered evidence; fraud; or when a judgment is void, or has been satisfied, released or discharged.  RCFC 60(b)(1)-(5).  Relief under RCFC 60(b)(6) may also be granted upon other grounds under exceptional or extraordinary circumstances.  RCFC 60(b)(6); *Louisville Bedding Co.*, 455 F.3d at 1380.

Plaintiffs have not established that they are entitled to relief from judgment under any of the grounds for relief set forth in RCFC 60(b)(1)-(5).  First, a plain reading of plaintiffs' motion makes clear that plaintiffs have not alleged a mistake or inadvertent judicial error that would entitle them to relief under RCFC 60(b)(1).  *See* Pl. Mot. at 2-7.  Rather, plaintiffs argue that the Court has erroneously concluded that it does not possess jurisdiction to consider plaintiffs' breach of contract claims in this matter.  *Id.*  It is well established that plaintiffs' argument that the Court has erroneously applied the law is not a ground for relief from judgment.  *See Brown v. United States*, 80 F. App'x 676, 678 (Fed. Cir. 2003) (holding that RCFC 60(b)(1) does not provide grounds for relief from judgment when a plaintiff argues only that the Court erroneously applied the law).  And so, plaintiffs have not shown that they are entitled to relief under RCFC 60(b)(1).

Plaintiffs have also not demonstrated that they are entitled to relief from judgment due to newly discovered evidence, pursuant to RCFC 60(b)(2).  Pl. Mot. at 2-7.  Nor have plaintiffs alleged that relief from judgment is appropriate here due to evidence of fraud, misrepresentation, or misconduct by an opposing party under RCFC 60(b)(3).  *Id.*

---

[2] The other grounds for obtaining relief under RCFC 59(a) are not applicable here, because these provisions pertain to the grant of a new trial, rehearing, or further action after trial.  RCFC 59(a)(1)(A)-(B); RCFC 59(a)(2).

In addition, plaintiffs do not demonstrate that they are entitled to relief from judgment because the Court's judgment in this matter is void. RCFC 60(b)(4); s*ee also Smith v. United States*, No. 10-218T, 2012 WL 346655, at *1 (Fed. Cl. Jan. 31, 2012) ("'void' means a judgment 'so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.'" This occurs "'only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'") (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). Relief from judgment pursuant to RCFC 60(b)(5) is similarly inappropriate here. The Court's judgment in this case has not been "satisfied, released, or discharged." Nor have plaintiffs demonstrated that applying the Court's judgment prospectively would not be equitable. RCFC 60(b)(5). And so, again, plaintiffs have not identified any grounds upon which the Court may grant relief from judgment.

Lastly, plaintiffs also fail to demonstrate any "extraordinary circumstances" that would warrant relief from judgment pursuant to RCFC 60(b)(6). As established above, plaintiffs restate in their motion the jurisdictional arguments previously considered by the Court in the March 31, 2016 Decision. Pl. Mot. at 2-7. But, plaintiffs point to no extraordinary circumstances that would justify granting relief from the Court's judgment in this case. *See generally* Pl. Mot.; *Perry*, 558 F. App'x at 1006; *Kennedy*, 99 Fed. Cl. at 548 (a strict interpretation of the text of RCFC 60(b)(6) is necessary to preserve the "finality of judgments," and RCFC 60(b)(6) cannot serve as the grounds to relieve a party from a "free, calculated, and deliberate choice"). In fact, plaintiffs have simply not shown that a "grave miscarriage of justice" would result if relief from the March 31, 2016 Decision is not granted here. And so, the Court must deny plaintiffs' motion for relief from judgment. *Kennedy*, 99 Fed. Cl. at 540, 548.

## IV.    CONCLUSION

In sum, plaintiffs have not met their burden to show that they are entitled to either reconsideration of the Court's March 31, 2016 Decision, or to relief from judgment. And so, for

the foregoing reasons, the Court **DENIES** plaintiffs' motion.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge